**DAYTON POWER AND LIGHT COMPANY et al., Plaintiff,**

v.

**EAST KENTUCKY POWER COOPERATIVE, INC., Defendant.**

Civ. A. No. 80–28.

United States District Court,
E. D. Kentucky.

Sept. 25, 1980.

**554**

John J. O'Hara, Covington, Ky., David M. Franceshelli, Dayton, Ohio, Anthony E. Miller, Columbus, Ohio, for plaintiff.

Nicholas D. McCubbin, Dale W. Henley and Foster J. Collis, East Kentucky Power Co-op., Inc., Winchester, Ky., for defendant.

## MEMORANDUM OPINION AND ORDER

SCOTT REED, District Judge.

On February 20, 1980, the plaintiff, Dayton Power and Light Company filed this breach of contract action in the Eastern District of Kentucky. It was assigned to the Lexington docket. On March 24, 1980, the plaintiff filed a motion to transfer this action to Covington.

Defendant, East Kentucky Power Cooperative, Inc., objected to this proposed transfer, and on May 2, 1980, filed a memorandum in opposition to plaintiff's motion. Defendant asserted that the motion for transfer should be denied because the Eastern District of Kentucky is not divided into divisions for federal judicial purposes, the plaintiff has not alleged sufficient facts to support a transfer, and the Lexington docket is the appropriate one for this case.

A motion for transfer is usually made by a defendant or a third party brought into the case after the initial assignment of the action. Although relatively uncommon, a plaintiff may move for transfer of the action. *Philip Carey Manufacturing Co. v. Taylor*, 286 F.2d 782 (6th Cir. 1961).

The Commonwealth of Kentucky is divided by statute into two judicial districts. 28 U.S.C. Section 97. The Eastern District of Kentucky, unlike some of the other districts, is not divided by federal statute into divisions. See, e. g. 28 U.S.C. Section 115(a) (the Northern District of Ohio). The criteria for transfer provided by 28 U.S.C. Section 1404(a), i. e., the convenience of parties and witnesses, in the interest of justice, may be applicable by local rule or general order.

The provisions of 28 U.S.C. Section 1404(a) would be directly applicable if the Eastern District of Kentucky were divided into divisions by local rule. See 15 Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 3809 (1976). The Eastern District of Kentucky has not been so divided.

By general order of the Eastern District of Kentucky, dated November 16, 1948, it was held that any civil action could be transferred, in the discretion of the Court, for the convenience of the parties and witnesses, in the interest of justice. The provisions of 28 U.S.C. Section 1404(a) are not directly applicable because the district is

not formally divided into divisions. Interpretations of the statute, however, provide guidance on this motion since the language of the general order follows that of the statute.

 A threshold requirement for any motion to transfer is that the movant must go beyond conclusory allegations. *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145 (10th Cir. 1967). In the instant case, plaintiff's motion contains only a bare assertion that Covington would be a more convenient trial location for all parties. It is apparent, however, that the essence of plaintiff's claim is that the location of the attorneys, witnesses and evidence makes it more convenient for the case to be on the Covington, rather than the Lexington docket.

■ The factors which should be considered by the Court on a motion to transfer under 28 U.S.C. Section 1404(a) include: (1) the convenience to parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer. *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y.1967). From the defendants' response to plaintiff's motion to transfer it would appear that the attorneys, parties, and witnesses are evenly split between Lexington and Winchester for the defendants and Dayton, Cincinnati, and/or Columbus for the plaintiffs.

■ A transfer which would simply shift the inconvenience from one side to another should not be granted. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Quinn v. Bowmar Pub. Co.*, 445 F.Supp. 780 (D.Md.1978). Based on the record presently before the Court, there is no reason to suppose that it would be substantially more convenient to the witnesses and parties if this case were in Covington rather than Lexington. It also should be noted that transfers of relatively short distances are not favored under 28 U.S.C. Section 1404(a). *Leesona Corp. v. Duplan Corp.*, 317 F.Supp. 290 (D.R.I.1970); *Berger v. Winer Sportswear, Inc.*, 394 F.Supp. 1110 (S.D.N.Y.1975).

IT IS THEREFORE ORDERED that the motion of plaintiff to transfer this action to Covington is hereby DENIED.