· Raymond J. DONOVAN, etc., Plaintiff,

v.

The TIMBERS OF WOODSTOCK RESTAURANT, INC., et al., Defendants.

No. 81 C 783.

United States District Court,
N. D. Illinois, E. D.

Nov. 26, 1981.

Helen Schuitmaker, U. S. Dept. of Labor, Chicago, Ill., for plaintiff.

James M. Kiss, Donna Baffoe McDonald, Carpentersville, Ill., for defendant Timbers.

SHADUR, District Judge.

## MEMORANDUM OPINION AND ORDER

Secretary of Labor Raymond J. Donovan has sued a corporate defendant, Timbers of

Woodstock Restaurant, Inc. ("Timbers") and two individuals, Dean and Demetrios Kalamarus ("Kalamaruses"), claiming various violations of the Fair Labor Standards Act ("FLSA," 29 U.S.C. §§ 201 ff.) and seeking injunctive and other relief against such violations. This Court has already ruled against Kalamaruses on their motion to dismiss and to stay proceedings against them individually. There remains for decision Timbers' motion for a stay because it has filed a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Code"). For the reasons stated in this memorandum opinion and order Timbers' motion is denied.

Under Code § 362(a)(1), 11 U.S.C. § 362(a)(1), any Chapter 11 petition normally operates to stay judicial and other proceedings. But Code § 362(b)(4) negates a stay "of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power."

In the Code's legislative history, H.R. Rep.No. 95–595, 95th Cong., 2d Sess. 343, reprinted in 1978 U.S.Code Cong. &. Ad. News 5787, 6299, the House cited as examples of proceedings *not* stayed "where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law . . . ." Those examples do not of course literally apply here. Only one decision cited by the parties is on all fours—a bankruptcy court decision holding FLSA injunctive proceedings *not* stayed. *In re Tauscher*, 7 B.R. 918 (Bkrtcy.E.D.Wis.1981). Relatedly, *NLRB v. Evans Plumbing Co.*, 639 F.2d 291 (5th Cir. 1981) held NLRB enforcement proceedings also within the exception to the automatic stay.

None of the cases cited by Timbers is persuasive. To the extent they are at all applicable, they were decided under the Bankruptcy Act of 1898—before Section 362(b)(4) of the Code stated the rule that applies here. Indeed, *In re Bel Air Chateau Hospital, Inc.*, 611 F.2d 1248, 1250–51 (9th Cir. 1979) and our Court of Appeals decision *In re Shippers Interstate Service, Inc.*, 618 F.2d 9 (7th Cir. 1980) make it plain that their holdings under the old Act are not at all inconsistent with the result later reached by *Evans Plumbing* under the Code. *Evans Plumbing* specifically commented on and found support in those pre-Code cases, 639 F.2d at 293 n.2.

This Court finds FLSA enforcement proceedings plainly constitute an exercise of "police or regulatory power" and are therefore within the exception to the automatic stay provision. This action will not be stayed against Timbers. Timbers is ordered to answer the Complaint on or before December 7, 1981.