Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

HEALTH CARE RESOURCES, INC., Defendant.

No. 84–5094–CV–SW–0.

United States District Court, W.D. Missouri, Southwestern Division.

Aug. 31, 1984.

Robert S. Bass, Kansas City, Mo., for plaintiff.

Gary Love, Springfield, Mo., for defendant.

## ORDER

ROSS T. ROBERTS, District Judge.

Plaintiff's complaint seeks to enjoin defendant from violating the provisions of §§ 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 et seq., including the restraint of any withholding of payment or minimum wages and compensation found to be due defendant's employees under the FLSA. Jurisdiction is invoked pursuant to § 17 of the FLSA, 29 U.S.C. § 217.

Defendant has filed suggestions of bankruptcy with this court, indicating that defendant was duly adjudged bankrupt on a petition filed by it on November 4, 1983, and contends that an automatic injunction is issued against the present action by virtue of 11 U.S.C. § 362(a). In opposing defendant's request that this action be accordingly dismissed, plaintiff relies on § 362(b)(4) of the Bankruptcy Reform Act ("Act"), which provides that proceedings commenced by governmental units to enforce their police or regulatory powers are exempted from the automatic stay provisions of the Act.

The scope of the exemptions embodied in §§ 362(b)(4) and 362(b)(5) was explained thusly in the legislative history of the Act:

"Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce policy or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay. Paragraph (5) makes clear that the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment. Since the assets of the debtor are in the possession and control of the bankruptcy court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a governmental unit of a money judgment would give it preferential treatment to the detriment of all other creditors."

House Report No. 95–595, 95th Cong. 2nd Sess. at 343, reprinted in 1978 U.S. Code Cong. and Adm. News, 5787, 6299; see also, Senate Report No. 95–989, 95th Cong., 2nd Sess. at 52, reprinted in 1978 U.S. Code Cong. and Adm. News, 5787, 5838; In Re Mansfield Tire & Rubber Co., 660 F.2d 1108 (6th Cir.1981); Commodity Futures Trading Com'n. v. Incomco, Inc., 649 F.2d 128 (2nd Cir.1981); NLRB v. Evans Plumbing Co., 639 F.2d 291 (5th Cir. 1981).

Based upon the foregoing sections, the courts have clearly held that proceedings instituted by the Secretary of Labor under § 17 of the FLSA constitute an exercise of police or regulatory powers, and, as such, are exempt from the automatic stay provisions of 11 U.S.C. § 362(a). Brennan v. T & T Trucking, Inc., 396 F.Supp. 615, 618 (N.D.Okla.1975) (involving the statutory predecessor of § 362(a)); Marshall v. International Formal Wear, Inc., 89 Lab. Cas. (CCH) ¶ 33,918 (S.D.Ga.1980); Donovan v. The Timbers of Woodstock Restaurant, Inc., 19 B.R. 629, 93 Lab.Cas. (CCH) ¶ 34,155 (N.D.Ill.1981). The court therefore concludes that defendant's request that this action be dismissed or stayed must be denied because the automatic stay provisions do not apply to the present proceeding.

It is, accordingly,

ORDERED that defendant's request that this action be dismissed or stayed shall be and the same is hereby denied.