**In the Matter of Marvin Ray SELF, Debtor.**

**Jacob C. PONGETTI, Trustee for the Estate of Marvin Ray Self, Plaintiff,**

v.

**W.L. LAWS and/or Laws Asphalt and Concrete, Inc., Defendant.**

**Bankruptcy No. 584–10070.**
**Adv. No. 84–1273.**

United States Bankruptcy Court, N.D. Mississippi.

April 11, 1985.

Jacob C. Pongetti, Columbus, Miss., trustee.

Charles T. Yoste, Starkville, Miss., for trustee.

Richard W. Wise, McAlpin & Wise, Starkville, Miss., and Fletcher Long, Jr., Forest City, Ark., for W.L. Laws and/or Laws Asphalt and Concrete, Inc.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the Court is a motion to dismiss filed by the defendant, W.L. Laws and/or Laws Asphalt and Concrete, Inc. The substance of the motion is that the defendant is an Arkansas corporation who has no minimum contact with the State of Mississippi and therefore, under *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny is not subject to the in personam jurisdiction of the United States Bankruptcy Court of the Northern District of Mississippi.

### I.

Marvin Ray Self, the debtor herein, filed his Chapter 7 petition in the Bankruptcy Court for the Northern District of Mississippi on February 23, 1984. On December 3, 1984, Jacob C. Pongetti, Trustee, filed a complaint against the defendant in accordance with § 11 U.S.C. 547 alleging that the defendant received a preferential transfer of $15,000.00. Previously, on March 16, 1984, the defendant, having not been paid in full as a result of a paving contract, filed a proof of claim with this court in the amount of $3,133.28, the balance remaining due and owing to the defendant. As a result of the filing of the complaint to avoid the preference, the defendant filed a motion to dismiss alleging that this court lacked jurisdiction to hear this proceeding.

### II.

The defendant relies on a case styled *Aaron Ferer & Sons Co. v. Atlas Scrap Iron,* 558 F.2d 450 (8th Cir.1977) to sustain its position. In that case, the debtor had filed its petition under the *Bankruptcy Act.* Subsequently, the debtor filed separate complaints against several defendants alleging avoidable preferences; the U.S. District Court for the District of Nebraska granted the defendants' motions to dismiss based upon lack of personal jurisdiction. The Eighth Circuit Court of Appeals affirmed on the ground that the defendants had no significant contracts with the State of Nebraska. At first blush, this case appears to be on "all fours" with the case at bar, but it is distinguishable in several respects. In *Ferer,* it was necessary for the debtor to utilize Nebraska's long-arm stat-

ute to effect service of process on the non-resident defendants. Thus the court concluded, and correctly so, that the reach of the Nebraska long-arm statute is limited only by the constitutional restraints imposed by the minimum contacts rule established in *International Shoe*, supra. Since the *Ferer* case was filed under the old Bankruptcy Act, well before the enactment of the Bankruptcy Reform Act of 1978, which became effective on October 1, 1979, and the new Rules of Bankruptcy Procedure, which became effective on August 1, 1983, the jurisdiction of the bankruptcy court was limited at that time to the territorial area of the court. This restriction is no longer applicable.

In the case now before this court, the debtor did not have to utilize Mississippi's long-arm statute to effect process on the Arkansas defendant. Pursuant to Bankruptcy Rule 7004, a bankruptcy court has the authority to issue nationwide service of process. The Advisory Committee's note accompanying Rule 7004 indicates that the rule's intended effect is to extend the territorial jurisdiction of the bankruptcy courts to the entirety of the United States. While it may be argued that personal jurisdiction should not be equated with service of process, the difference is largely academic in the context of proceedings arising under federal law. 4 Wright & Miller, *Federal Practice and Procedure*, Civil § 1075, 1127 (1969). After all, service of process is the physical means by which personal jurisdiction is obtained.

■ It is well settled that Congress may provide for nationwide service of process if it chooses to do so. See *Robertson v. Railroad Labor Board*, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119 (1925). Where Congress has authorized nationwide service of process by federal courts under specific federal statutes, and the assertion of jurisdiction over the defendant is compatible with due process, the service of process is sufficient to establish the jurisdiction of the federal court over the person of the defendant. *Hogue v. Milodon Engineering, Inc.*, 736 F.2d 989 (4th Cir.—1984).

Thus minimum contacts with the forum state in a federal question case are only necessary when, under Rule 4(e) of the Federal Rules of Civil Procedure, the state service of process statute must be borrowed to effect service on a non-resident. See *Volk Corp. v. Art-Pak Clip Art Service*, 432 F.Supp. 1179, 1180 n. 2 (S.D.N.Y. —1977). This is not the case in this proceeding.

■ Since Congress has authorized nationwide service of process in cases like the present one, the only remaining question is whether the assertion of jurisdiction by this bankruptcy court over the defendant, an Arkansas corporation, is compatible with the requirements of due process. As several courts have held, the minimum contacts theory should not apply in bankruptcy cases since the jurisdictional foundation in such cases is based on a statutory rule designed to allow the totality of in personam and in rem jurisdiction to be exercised by the bankruptcy court where the case is pending. See *In Re: Nixon Machinery Co.*, 15 B.R. 131 (Bkrtcy.ED Tenn.—1981); *In Re: Whippany Paper Board Co., Inc.*, 15 B.R. 312 (Bkrtcy.N.J.—1981) and *In Re: Schack Glass Industries Co., Inc.*, 20 B.R. 967 (Bkrtcy.S.D.N.Y.—1982). Therefore, the retention of jurisdiction over this bankruptcy adversary proceeding does not offend any constitutional due process requirements.

Additional support for this conclusion is drawn from the venue statute, 28 U.S.C. § 1409, which states:

(a) Except as otherwise provided in subsection (b) and (d), a proceeding arising under Title 11 or arising in or related to a case under Title 11 may be commenced in the district in which such case is pending.

The congressional intent behind this statute appears to recognize the desirability of centering all litigation involving a bankruptcy case in the bankruptcy court where the debtor's case is pending. The kind of efficiency which Congress sought to promote cannot be achieved without extra district service of process. *Matter of Trim-*

*Lean Meat Products, Inc.,* 11 B.R. 1010 (Bkrtcy.D.Del.—1981). Congress has enacted strict federal venue and transfer statutes which have made it unnecessary to develop a limited judicial doctrine governing the limits of personal jurisdiction in federal cases. See *Terry v. Raymond Intern., Inc.,* 658 F.2d 398 (5th Cir.—1981). Therefore, a defendant must look primarily to those statutes for protection from onerous litigation. The defendant in the instant proceeding has not moved this bankruptcy court to transfer this adversary proceeding for reasons of inconvenient venue and thus this issue is not properly before the court.

Not only does this court have in personam jurisdiction by law, there is jurisdiction by consent. On March 16, 1984, Laws Asphalt and Concrete, Inc., filed a proof of claim in this court for $3,133.28, representing the balance due and owing under its contract with the debtor. It has been established since 1966 in the case of *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), that the filing of a proof of claim constitutes consent to bankruptcy court jurisdiction over the debtor's objections or counterclaims that are necessary for adjudication of the claim. This theory has been reiterated in several recent cases. See *In Re: Depo,* 40 B.R. 537 (DC N.D.N.Y.—1984) and *In Re: Lombard-Wall, Inc.,* 44 B.R. 928 (S.D.N.Y.—1984). It is worth mentioning in this context that Congress denominated as "core proceedings" in the recently enacted Bankruptcy Amendments and Federal Judgeship Act of 1984, particularly 28 U.S.C. § 157(b)(2)(C), counterclaims by the estate against persons filing claims against the estate.

### IV.

It is the conclusion of this court based on the foregoing analysis that Laws Asphalt and Concrete, Inc., is properly before the court. This court has in personam jurisdiction, absent minimum contacts, due to application of the nationwide service of process rule, as well as, jurisdiction by consent as a result of the defendant's filing

its proof of claim for the balance owing under the same contract that the trustee has alleged that the defendant received the three preferential transfers.

An Order will be entered consistent with this Opinion.