Elsworth L. **WEAVER** and Emily A. Weaver, Plaintiffs,

v.

Edward J. **GILLEN**, as Trustee in Bankruptcy, Defendant.

**No. CIV–84–0511C.**

United States District Court, W.D. New York.

May 8, 1985.

record: the parties have not included the motion itself.

Grashow, Berger & London, Buffalo, N.Y., for plaintiffs; Murray J. Grashow, Buffalo, N.Y., of counsel.

Alvis, Carssow & Von Kreisler, Austin, Tex., for defendant; William T. Peckham, Austin, Tex., of counsel.

CURTIN, Chief Judge.

Plaintiffs Elsworth Weaver and his wife, Emily Weaver, bring this suit against Edward Gillen as the Trustee in Bankruptcy for their estate. Plaintiffs seek monetary damages for an alleged breach of fiduciary duty on the part of defendant. Defendant seeks a transfer of venue based on either improper venue or, in the alternative, a change of venue for the convenience of the parties and witnesses.

Defendant resides in Austin, Texas, and plaintiffs are residents of Williamsville, New York. Plaintiffs claim damages exceeding $10,000, which gives this court diversity jurisdiction.

This court also has jurisdiction over this case by virtue of the jurisdiction conferred by the bankruptcy statutes.

At the time this case was filed, the provisions of 28 U.S.C. § 1471 were in force. Under § 1471(a) and (b), the district courts were granted original jurisdiction of all cases under Title 11 and of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11. Although § 1471(c), which granted the exercise of this jurisdiction to the bankruptcy courts, was deemed invalid in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), section 1471(a) and (b) remained valid. *In Re Kaiser*, 722 F.2d 1574, 1578 (2d Cir.1983).

The Bankruptcy Amendments and Federal Judgeship Act of 1984 (Pub.L. § 98–353) was enacted by Congress on July 10, 1984 and applies to cases, like the instant case, pending on that date (*see* § 122(a) and (b)). Under the amendments, 28 U.S.C. § 1471 was replaced by the new 28 U.S.C. § 1334. Sections 1334(a) and (b) repeat verbatim the language of the former § 1471(a) and (b), giving district courts jurisdiction of cases under Title 11 and all civil proceedings under Title 11 or arising in or related to cases under Title 11.

A definition of "related proceeding" was provided in the Emergency Bankruptcy Rule, which was adopted by the courts of this district as an interim measure until Congress passed new legislation in light of *Marathon.* Related proceedings are defined as those which, in the absence of a petition in bankruptcy, could have been brought in a district or state court. Emergency Rule (d)(3)(A).

This action is a "related proceeding" which could have been brought in a state court. Plaintiffs have a cause of action outside the bankruptcy laws: a tort action for breach of fiduciary duty. This would be a viable action even in the absence of a pending petition in bankruptcy.

This is to be distinguished from the situation in *In Re Kaiser*, 722 F.2d 1574 (2d Cir.1983). There plaintiff sought a *remedy*, a constructive trust, which could have been granted by a state court. But the cause of action, the *right* on which the remedy was based, was derived from the bankruptcy laws. The plaintiff transferred property within a year of the filing of his petition in bankruptcy, with the intent of defrauding his creditors. The constructive trust was imposed to protect rights given creditors under Title 11, and the action had no life of its own outside the bankruptcy laws.

In the instant case, there is an independent cause of action for breach of fiduciary duty. The bankruptcy laws simply define the nature of the duty.

The ability to bring the action in a non-bankruptcy court, however, is not enough to make this proceeding a "related proceeding" to a bankruptcy case. As the Second Circuit noted in *In Re Turner*, 724 F.2d 338, 341 (2d Cir.1983), there must also be a "significant connection" to the bankruptcy case. That connection has usually been held to be the impact the proceeding will have on the estate in bankruptcy. The *Turner* court noted that none of the proceeds would be turned over to the trustee but that proceeds would go directly to plaintiffs.

Here, if plaintiff prevailed, his money damages would not accrue to the estate or benefit his creditors. 11 U.S.C. § 541.

 Yet, in view of the facts of this case, the court cannot conclude that there is an insufficient "nexus," between this action and the bankruptcy case, to give this court jurisdiction in bankruptcy.

In *In Re Lafayette Radio Electronics Corp. et al.*, 761 F.2d 84 (2d Cir.1985), the court concluded that an action by a third party (the corporation with which debtor had merged) to enforce an order of the bankruptcy court was more than a "run-of-the-mine breach of contract action." *Id.* at 91. It distinguished *In Re Turner, supra*, noting that an action for conversion brought by a *discharged* debtor against a *former* creditor was not related to the underlying bankruptcy since it lacked any "significant connection" to the bankruptcy case. It was not a proceeding to enforce an order of the bankruptcy court. *Id.*, at 92, n. 6.

In the instant case, the plaintiff is the debtor in a pending bankruptcy case. As discussed earlier, he has an independent private right of action against the trustee[1] for money damages which will not accrue

to the estate. Yet, his entire action is intertwined with the bankruptcy case.

He claims that defendant failed to bring the bankruptcy estate to conclusion, to investigate a contingent asset of the estate which was listed in the petition, or to liquidate assets of the estate for the benefit of plaintiff and his creditors (Complaint, Item 1). Each of these claims is tied to the bankruptcy case.

In light of the above claims, the amount of damages to which plaintiffs are entitled may well be indeterminable until the eventual resolution of the bankruptcy case. The instant action has sufficient nexus with the bankruptcy case to constitute a related proceeding under 28 U.S.C. § 1334(b).

It may be that, viewed in another light, this case could be said to be one "arising in" the bankruptcy case or under Title 11 (a "core proceeding" under the new 28 U.S.C. § 157(b) and (c)). In any event, the exact label to be applied to the case is of no moment, for the purposes of this court's jurisdiction, as long as it falls within the provisions of 28 U.S.C. § 1334(a) and (b). *Pine Associates v. Aetna Casualty and Surety Company*, 733 F.2d 208, 210 (2d Cir.1984).

Venue of proceedings arising under Title 11 or arising in or related to cases under Title 11 is provided for in 28 U.S.C. § 1409. As plaintiffs note, this statute is phrased permissively. Under § 1409(a), however, there is a clear preference for venue in the district in which the bankruptcy case is pending. This is established as the general rule for venue, with specific types of cases, the exceptions, provided for in § 1409(b–e). Under § 1409(c) and (d), the applicable non-bankruptcy venue provisions are referred to as authority for establishing venue. Under section 1409(e), those provisions are one of two alternatives.

---

1. The court has learned that, during the pendency of this motion, defendant resigned as trustee (effective March 4, 1985). The bankruptcy case is still pending, although it has been transferred to Bankruptcy Judge Joseph C. Elliott of the Western District of Texas. In *A. Musto Co., Inc. v. Satran*, 477 F.Supp. 1172 (D.Mass.1979), the court found that a suit by a debtor against a former trustee in bankruptcy for breach of fiduciary duty did not arise under Title 11. In that case, the bankruptcy proceeding had been terminated before the case was filed, unlike the instant case.

In this case, the only possible exception to the rule that venue is proper in the district where the case is pending is found under § 1409(e). That exception directs that venue is proper in the district where the bankruptcy case is pending or that it be governed by the applicable non-bankruptcy venue provisions.

It cannot be ascertained from the record before me whether this proceeding is based on a claim arising from the operation of the business of the debtor, as required by § 1409(e). In any event, the result would be the same under the general rule of 28 U.S.C. § 1409(a) or the non-bankruptcy venue provisions of 28 U.S.C. § 1391.

Under 28 U.S.C. § 1391, it is clear that venue is improper in the Western District of New York. When diversity is not the only basis of jurisdiction, venue is proper only in the district where all defendants reside or where the cause of action arose (§ 1391(b)). The Western District of Texas satisfies both these criteria.

Plaintiffs claim that § 1391(a) would apply, making the district where all plaintiffs reside a proper choice. That section, however, only applies when jurisdiction is founded solely on diversity.

Both parties discuss the applicability of § 1391(e), venue when the defendant is an officer or employee of the United States or an agency thereof. This section applies only to the executive branch. *Liberation News Service v. Eastland*, 426 F.2d 1379, 1384 (2d Cir.1970). *See also In Re Fidelity Mortgage Investors*, 690 F.2d 35, 39 (2d Cir.1982), *cert. denied* 462 U.S. 1106, 103 S.Ct. 2453, 77 L.Ed.2d 1333 (1983).

Interim bankruptcy trustees, as was defendant, are appointed from a panel of trustees established under 28 U.S.C. § 604(f[2]). (See also 11 U.S.C. § 701(a).) Under § 604(f[2]), the trustees are appointed by the Director of the Administrative Office of the United States Courts, which is under the supervision of the Judicial Conference, and as such are not members of the executive branch.

The applicable section of 1391 is (b). *See In Re Lafayette Radio Electronics, supra*, 761 F.2d at 91, n. 5 (2d Cir.1985). Since that section does not provide for venue where plaintiffs reside, venue is improper in the Western District of New York. The same result is reached under 28 U.S.C. § 1409(a), where venue is proper in the Western District of Texas. Under the facts of this case, that is also the most practical result, since any witnesses and documents would be found there. The current residence of the plaintiffs is the sole connection to the Western District of New York.

Under 28 U.S.C. § 1406(a), this court can either dismiss the case for improper venue or, in the interests of justice, transfer it to the proper district court. This decision is in the discretion of the court.

Dismissal for improper venue is a severe penalty. "Dismissal therefore should be reserved for that action where its institution in an improper forum smacks of harassment or evidences some other element of bad faith on the plaintiff's part." *Moore's Federal Practice*, § 0.146[5], p. 1666, (1974). There is no evidence of bad faith on plaintiffs' part.

The case is transferred, pursuant to 28 U.S.C. 1406(a), to the Western District of Texas, Austin Division.

So ordered.