William E. BROCK, Secretary United States Department of Labor, et al.

v.

AMERICAN MESSENGER SERVICE, INC., et al.

No. C86–365–L.

United States District Court, D. New Hampshire.

Oct. 9, 1986.

U.S. Dept. of Labor Office of the Solicitor by Constance B. Franklin, Boston, Mass., for plaintiffs.

McLane, Graf, Raulerson & Middleton by Robert E. Jauron and Joseph A. Foster, Manchester, N.H., for American Messenger Service, Inc.

Ransmeier & Spellman by Steven & Hengen, Concord, N.H., for Grenet.

## ORDER ON ALL PENDING MOTIONS

LOUGHLIN, District Judge.

Defendant Geoffrey Grenert moves to dismiss this Fair Labor Standards action against him pursuant to Fed.R.Civ.P. 12(b)(6) insofar as plaintiff seeks money damages and for change of venue pursuant to Fed.R.Civ.P. 12(b)(3).

■ Defendant Grenert filed a bankruptcy petition on July 30, 1986 in Federal District Court for the District of Maine under 11 U.S.C. § 301 and Chapter VII of the Bankruptcy Code. Defendant asserts that to the extent plaintiff has sought monetary damages, including claims for back pay and liquidated damages due certain employees, plaintiff is barred from recovery under the terms of 11 U.S.C. § 362(a)(1). Plaintiff states that the Secretary of Labor's action to enforce the Fair Labor Standards Act (FLSA) is exempt from the automatic stay provisions of 11 U.S.C. § 362(a)(1) pursuant to 11 U.S.C. § 362(b)(4). That statute provides in part:

> (b) The filing of a petition under section 301, 302, or 303 of this title [11 USCS §§ 301, 302, 303], or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)) [15 USCS § 78eee(a)(3)], does not operate as a stay—

> (4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by governmental unit to enforce such governmental unit's police or regulatory power[.]

11 U.S.C. § 362(b)(4).

In *Donovan v. Timbers of Woodstock Restaurant, Inc.*, 19 B.R. 629, 630 (N.D.Ill. (1981)), the Secretary of Labor sued defendant for alleged violations of FSLA seeking injunctive and other relief. Defendant moved to stay the action as it has filed a voluntary petition in bankruptcy. *Timbers*, 19 B.R. at 630. The court found that "FLSA enforcement proceedings plainly constitute an exercise of 'police or regulatory power' and are therefore within the exception to the automatic stay provision." *Id.*

Similarly, in *Donovan v. Health Care Resources, Inc.*, 44 B.R. 546, 547 (W.D.MI. 1984), the Secretary of Labor sought to enjoin defendant from violating provisions of FSLA, "including the restraint of any withholding of payment or minimum wages and compensation found to be due defendant's employees under FLSA." Defendant, who had filed a petition in bankruptcy, moved to dismiss the action by virtue of 11 U.S.C. § 362(a). The court, quoting from the legislative history of § 362(b)(4) stated:

> Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce policy or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay.

*Health Care Resources*, 44 B.R. at 547, *quoting House Report No. 95–595*, 95th Cong. 2nd Sess. at 343, *reprinted in* 1978 U.S.Code Cong. and Adm.News, 5787, 6299. The court held that "proceedings instituted by the Secretary of Labor under § 17 of the FLSA constitute an exercise of police or regulatory powers, and, as such, are

exempt from the automatic stay provisions of 11 U.S.C. § 362(a)." *Health Care Resources,* 44 B.R. at 547.

This action is therefore exempt under 11 U.S.C. § 362(b)(4) from the Bankruptcy Code's automatic stay provision.

■ The defendant asserts that as the instant action is related to his bankruptcy proceeding pending in Maine, this action should be transferred to the Federal District Court for the District of Maine pursuant to 28 U.S.C. § 1409(a), and that such a transfer would be in the interest of justice pursuant to 28 U.S.C. § 1404.

The factors which should be considered by the [c]ourt on a motion to transfer under 28 U.S.C. Section 1404(a) include:

> (1) the convenience of parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer.

*Schneider v. Sears,* 265 F.Supp. 257, 263 (S.D.N.Y.1967).

*Dayton Power and Light Company v. East Kentucky Power Cooperative, Inc.,* 497 F.Supp. 553, 555 (E.D.Ky.1980).

"The burden of establishing that a case should be transferred is on the movant and unless the evidence and circumstances of the case are strongly in favor of the transfer, the plaintiff's choice of forum should rarely be disturbed." *Carter v. Houston Chronicle Publishing Company,* 514 F.Supp. 12, 15 (W.D.Okla.1980). "A threshold requirement for any motion to transfer is that the movant must go beyond conclusory allegations." *Dayton Power and Light Company,* 497 F.Supp. at 555.

The defendant has failed to present any evidence which would support the transfer of this case under two of the three factors set out in § 1404(a); convenience of the parties, and convenience of the witnesses. Moreover, defendant's motion contains only the bare assertion that such a transfer would be in the "interest of justice." Defendant has failed to carry his burden of proof to justify a transfer under § 1404.

■ Defendant alternatively requests that this action be transferred to the District of Maine pursuant to 28 U.S.C. § 1409(a). That statute provides that "a proceeding ... arising in or related to a case under title 11 [11 U.S.C. §§ 101 et seq.] may be commenced in the district court in which such case is pending." 28 U.S.C. § 1409(a) (Supp.1986). A "related" proceeding is an action which could have been brought in a district or state court. *Weaver v. Gillen,* 49 B.R. 70, 71 (D.C. 1985). "The ability to bring the action in a non-bankruptcy court, however, is not enough to make [the action] a 'related proceeding' to a bankruptcy case." *Weaver,* 49 B.R. at 72. "[T]here must also be a 'significant connection' to the bankruptcy case." *Id.* While there is arguably sufficient nexus to render this action "related" to the defendant's bankruptcy petition, § 1409(a) directs where an action "may be" brought, not where it *must* be brought. "The congressional intent behind [§ 1409] appears to recognize the desirability of centering all litigation involving a bankruptcy case in the bankruptcy court where the debtor's case is pending." *In the Matter of Self,* 51 B.R. 683, 685 (Bankr.N.D.Miss. 1985). However, what is desirable under this statute is not mandated.

Under § 1409(e), venue in an action arising from the operation of a business by the debtor is "proper in the district where the bankruptcy case is pending *or* [venue is] governed by the applicable non-bankruptcy venue provisions." *Weaver,* 49 B.R. at 73 (emphasis added). Under the applicable non-bankruptcy venue provision, 28 U.S.C. § 1391, venue is proper, therefore the ac-

tion will not be transferred to the District of Maine.

Defendant's motion to dismiss (Doc. # 5) and defendant's motion for change of venue (Doc. # 6) are denied. ·