In the Matter of VAN HUFFEL TUBE CORPORATION, Debtor.

**VAN HUFFEL TUBE CORPORATION, Plaintiff,**

v.

**A & G INDUSTRIES, et al., Defendants.**

Bankruptcy No. B85–00642–Y. Adv. No. 86–0080.

United States Bankruptcy Court, N.D. Ohio.

March 9, 1987.

See also, Bkrtcy., 71 B.R. 155.

---

Robert Miller, Warren, Ohio, for debtor.

Robert S. Bernstein, Pittsburgh, Pa., for Official Creditors Committee.

Richard M. Plotkin, Room Nine, Athol, Mass., for T.S. Mann Lumber Co., Inc.

## ORDER ON MOTION TO DISMISS

WILLIAM T. BODOH, Bankruptcy Judge.

This matter is before the Court on the Motion of T.S. MANN LUMBER COMPANY, INC., for dismissal of Plaintiff's Complaint against it based upon lack of personal jurisdiction. For the reasons set forth below, the Motion to Dismiss is hereby overruled.

Plaintiff-Debtor, VAN HUFFEL TUBE CORPORATION, filed a Petition for Relief under Chapter 11 of the Bankruptcy Code on July 30, 1985. On October 15, 1986, it filed a Complaint against a long list of defendants seeking to recover alleged preferential transfers. T.S. MANN, one of the listed defendants, has filed the instant Motion to Dismiss alleging a lack of personal jurisdiction since it has no minimum contacts with the State of Ohio and that under *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny, it is not subject to the *in personam* jurisdiction of this Court.

The Court finds T.S. MANN's reliance on the minimum contacts doctrine to be misplaced. Minimum contacts with the forum state in a federal question case are only necessary when, under Rule 4(e) of the Federal Rules of Civil Procedure, the state service of process statute must be borrowed to effect service on a non-resident. *In re Self*, 51 B.R. 683, 685 (Bank.N. D.Miss.1985), *citing Volk Corp. v. Art-Pak Clip Art Service*, 432 F.Supp. 1179 (S.D.N. Y.1977). However, state service of process statutes are neither utilized nor needed in adversary proceedings commenced under the Bankruptcy Code since Bankruptcy Rule 7004(d) provides for nationwide service of process. Since Congress may provide for nationwide service of process if it chooses to do so, *Robertson v. Railroad Labor Board*, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119 (1925), and since service of process is the physical means by which personal jurisdiction is obtained, the nationwide service provided for by Bankruptcy Rule 7004(d) is sufficient to establish the jurisdiction of this Court over the person of T.S. MANN. *In re Self, supra; B.W. Development Co., Inc., v. Pike (In re B.W. Development Co., Inc.)*, 49 B.R. 129 (Bankr.W.D. Kentucky 1985).

T.S. MANN's Motion to Dismiss is hereby overruled. Hearing on the Complaint will go forward on March 17, 1987, beginning at 9:15 a.m.

IT IS SO ORDERED.