**Lynn MARTIN, Secretary
of Labor, Plaintiff,**

v.

**Rick D. CHAMBERS d/b/a Salem
Texaco, Defendant.**

**Civ. A. No. 3:92CV499.**

United States District Court,
E.D. Virginia,
Richmond Division.

Nov. 13, 1992.

---

Robert William Jaspen, U.S. Attorney's Office, Richmond, VA, James B. Leonard, U.S. Dept. of Labor, Arlington, VA, Heather Bupp–Habuda, U.S. Dept. of Labor, Arlington, VA, for plaintiff.

Andrew Gregg Wilson, II, Bowles & Wilson, Manassas, VA, for defendant.

### MEMORANDUM OPINION

SPENCER, Bankruptcy Judge.

On July 31, 1992, Plaintiff Lynn Martin, Secretary for the United States Department of Labor, filed an action against Defendant Rick D. Chambers, d/b/a Salem Texaco, in this Court for allegedly violating sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA"). Plaintiff seeks to have the Defendant enjoined and restrained from withholding any minimum wage and overtime compensation due to any employees of Defendant pursuant to FLSA. In addition, Plaintiff seeks liquidated damages in an amount equal to the back wages found due to employees.

On October 7, 1992 Defendant filed a Chapter 7 Petition in the United States Bankruptcy Court, Eastern District of Virginia in the Alexandria Division, on October 7, 1992, Case No. 92–14766–AB and listed Plaintiff as a creditor on Defendant's Schedules of the Petition. (Defendant's Suggestion In Bankruptcy). On October 13, Defendant filed a Suggestion In Bankruptcy in this Court for an automatic stay of the action brought by Plaintiff. Defendant avers that the Bankruptcy Petition stays all creditor actions automatically and has asked this Court to bar further action in this matter.

Public Law 95–598, the Bankruptcy Act of 1978, Title 11 U.S.C. § 362 provides in pertinent part as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301,[1] 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

. . . .

(b) The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

---

1. Although Defendant did not include a copy of the petition with his Suggestion In Bankruptcy, this Court notes that the petition was filed voluntarily under 11 U.S.C. § 301. That section provides the following:

A voluntary case under a chapter of this title is commenced by the filing with the bankrupt-cy court of a petition under such chapter by an entity that may be a debtor under such chapter. The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.

11 U.S.C. § 301.

(5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

. . . .

11 U.S.C. § 362

■ The purpose of § 362(a) is "to facilitate the orderly administration of the debtor's estate." *Brock v. Rusco Industries, Inc.*, 842 F.2d 270, 273 (1988) (quoting *Donovan v. TMC Industries, Ltd.*, 20 B.R. 997, 1001 (N.D.Ga.1982)). The stay provisions provided by § 362(a) are intended to discontinue collection efforts and to relieve the debtor of some financial pressures. *Id.*, 842 F.2d at 273.

■ On the other hand, the purpose of § 362(b) is to permit government entities to commence or continue the adjudication of matters in which proceedings are pending in Bankruptcy Court where the government is acting to enforce its police and regulatory powers. The section is intended to allow the federal government to "prevent or stop violation of fraud, environment protection, consumer protection, safety, or similar police or regulatory laws." *Id.* (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 52 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5838). Thus, the continuation of any proceedings against Defendant would be automatically stayed unless an exception under 362(b) exists.

■ Plaintiff's action against Defendant was filed in her official capacity as Secretary of the Department of Labor on July 31, 1992, and was therefore brought prior to Defendant's filing of the Bankruptcy petition. The Department of Labor is a unit of the federal government and its creation was expressly authorized by FLSA. FLSA was enacted by Congress to, *inter alia,* improve and regulate the labor conditions of industries engaged in commerce or in the production of goods for commerce. *Citicorp Industrial Credit, Inc. v. Brock,* 483 U.S. 27, 30, 107 S.Ct. 2694, 2697, 97 L.Ed.2d 23 (1987). The Department of Labor has specific responsibility for enforcement of the federal government's regulatory power vis-a-vis wage and labor laws. Thus, the Department of Labor is "a governmental unit" whose purpose is "to enforce such governmental unit's police or regulatory power...." 11 U.S.C. § 362(b)(5).

Plaintiff has claimed that:

1. Defendant is an employer within the meaning of § 3(d) of FLSA and has actively managed, supervised, and directed the business affairs and operations of Salem Texaco. (Plaintiff's Complaint § II.)

2. Defendant has paid his employees wages at less than the minimum wage rate prescribed in Section 6 of FLSA. (Plaintiff's Complaint § V.)

3. Defendant paid employees for workweeks longer than those prescribed by Section 7 of FLSA, without compensating those employees for their employment in excess of the prescribed number of workweek hours at rates not less than one and one-half times the regular rates at which they were employed or are employed. (Plaintiff's Complaint § VI.)

4. Defendant has failed to make, keep, and preserve adequate and accurate records of his employees and of the wages, hours, and other conditions of employment which he maintains as prescribed by 29 Code of Federal Regulations Part 516. (Plaintiff's Complaint, § VII.)

Plaintiff has asked this Court to permanently enjoin and restrain Defendant, his officers, agents, servants, employees, and other persons in active concert or participation with Defendant, from committing further violations of FLSA. Plaintiff seeks back wage compensation together with an equal amount of liquidated damages for all known and presently unknown present and former employees of Defendant. (Plaintiff's Complaint at 4.)

Subsections (4) and (5) of § 362(b) express Congress' clear intent to exempt actions brought by a governmental unit to enforce the governmental unit's police and regulatory power from the automatic stay provision when the action is for other than a money judgment. H.R.Rep. No. 595, 95th Cong., 2d Sess., at 343 (1978), *reprint-*

ed in 1978 U.S.C.C.A.N. 5963, 6299; S.Rep. No. 989, 95th Cong., 2d Sess. at 52 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5838.

█ Plaintiff's action against Defendant was brought pursuant to its mandate to regulate and enforce fair labor standards. Therefore, as to Plaintiff's action to enjoin and restrain Defendant from further violation of FLSA, this Court is not required to grant a stay of the proceedings. In addition, this Court has authority to enforce its judgment regarding the action to enjoin and restrain Defendant. *Rusco Industries, Inc.*, 842 F.2d at 273 and note 9.

As to Plaintiff's action seeking back wages for Defendant's present and former employees, this Court is not stayed from adjudicating Defendant's liability for back wages and the amount of such wages for present and former employees. However, as to an adverse money judgment against Defendant, this Court must stay enforcement of such a judgment pending the outcome of Defendant's Chapter 7 Petition filed in the United States Bankruptcy Court. *Penn Terra Ltd. v. Dept. of Envtl. Resources*, 733 F.2d 267, 275 (3d Cir.1984) (where the action is enforce a money judgment, 11 U.S.C. § 362(b)(5) creates an exception to the exemption of government enforcement of police and regulatory powers from the automatic stay). Actual enforcement by a governmental unit of money judgment against debtor's estate would give preferential treatment to the detriment of all other creditors which would be inconsistent with congressional intent. H.Rep., *supra*, at 343; S.Rep., *supra*, at 52, 1978 U.S.C.C.A.N. 6299, 5838.

For the reasons stated herein, Defendant's suggestion to stay adjudication of Plaintiff's action to restrain and enjoin Defendant from further Fair Labor Standards Act violations and to determine Defendant's liability for back wages is DENIED. Defendant's motion to stay enforcement of any money judgment against Defendant pending the outcome of the Bankruptcy Court proceeding is GRANTED.