**Elaine L. CHAO, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**BDK INDUSTRIES, L.L.C., a Limited Liability Company, Doing Business as Sonic Drive-in, and Kevin Von Behren, an Individual, Defendants.**

No. 03–3054.

United States District Court, C.D. Illinois, Springfield Division.

July 17, 2003.

Karen L. Mansfield, U.S. Department of Labor, Office of the Solicitor, Chicago, IL, for Plaintiff.

R. Stephen Scott, Scott & Scott, P.C., Springfield, IL, for Defendants.

### OPINION

MILLS, District Judge.

Is this cause automatically stayed because Defendant is in Bankruptcy?

No.

This Cause will proceed in due course.

### FACTS

On February 6, 2003, Defendant Kevin Von Behren ("Von Behren") filed a voluntary bankruptcy petition under 11 U.S.C. § 301 and Chapter VII of the Bankruptcy Code. Von Behren is a member-manager of BDK Industries ("BDK"). BDK owned and operated two Sonic Drive–In restaurants in Springfield, Illinois. According to Defendants, neither Von Behren nor BDK are presently operating any Sonic Drive–In restaurants. BDK has not filed bankruptcy.

The Secretary of Labor ("Secretary") filed suit March 14, 2003, claiming violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 201 *et seq.* Specifically, the Secretary alleges Von Behren and BDK failed to pay minimum and overtime wages. She seeks to enjoin Von Behren and BDK from violating the provisions of §§ 6, 7, 11, 15(a)(2) and (15)(a)(5) of the FLSA, and to restrain any withholding of payment of minimum wages and compensation found to be due to Defendants' former employees under the FLSA.

On April 3, 2003, Von Behren provided notice to the Secretary, with a copy to this Court, of the automatic stay provisions of the Bankruptcy Code. 11 U.S.C. § 362(a). The Secretary claims this action falls within the "police or regulatory power" exception to the bankruptcy stay. 11 U.S.C. § 362(b)(4). Von Behren disagrees and claims the action should be stayed or denied as moot.

## APPLICABLE LAW

When a party files for bankruptcy, all litigation against the debtor in other forums is automatically stayed. 11 U.S.C. § 362(a). The purpose of § 362(a) is "to facilitate the orderly administration of the debtor's estate." *Brock v. Rusco Industries, Inc.,* 842 F.2d 270, 273 (11th Cir. 1988) (quoting *Donovan v. TMC Industries, Ltd.,* 20 B.R. 997, 1001 (N.D.Ga. 1982)). The stay provisions provided by § 362(a) are intended to "preserve what remains of the debtor's insolvent estate and ... provide for a systematic equitable liquidation procedure for all creditors, secured as well as unsecured, thereby preventing a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *Holtkamp v. Littlefield,* 669 F.2d 505, 508 (7th Cir.1982).

[C]ourts have uniformly held that when a party seeks to commence or continue proceedings in one court against a debtor or property that is protected by the stay automatically imposed upon the filing of a bankruptcy petition, the non-bankruptcy court properly responds to the filing by determining whether the automatic stay applies to (*i.e.,* stays) the proceedings.

*Chao v. Hospital Staffing Services, Inc.,* 270 F.3d 374, 384 (6th Cir.2001).

Plaintiff claims the stay does not apply here because this action was brought to enforce its police and regulatory powers, thus falling within the exception provided by 11 U.S.C. § 362(b)(4). Filing a voluntary petition

does not operate as a stay of the commencement or continuation of an action or proceeding by a governmental unit ... to enforce such governmental unit's ... police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's ... police or regulatory power.

11 U.S.C. 362(b)(4).

Courts interpreting the regulatory and police power exception generally use two tests to determine whether a governmental action falls within the exception to the automatic stay: the "pecuniary purpose" test and the "public policy" test. *Hospital Staffing,* 270 F.3d at 385.

Under the pecuniary purpose test, reviewing courts focus on whether the governmental proceeding relates primarily to the protection of the government's pecuniary interest in the debtor's property, and not to matters of public safety [or public policy]. Those proceedings which relate primarily to matters of public safety are excepted from the stay.

Under the public policy test, reviewing courts must distinguish between proceedings that adjudicate private rights and those that effectuate public policy. Those proceedings that effectuate public policy are excepted from the stay.

*Id.* at 385–86 (quoting *Word v. Commerce Oil Co. (In re Commerce Oil Co.)*, 847 F.2d 291, 295 (6th Cir.1988)).

▌ An action by the Secretary often furthers both public and private interests. When the private interests do not significantly outweigh the public benefit from enforcement, "courts should defer to the legislature's decision to vest enforcement authority in the executive and recognize such actions as within 'such governmental unit's police and regulatory power,' as that term is used in § 362(b)(4)." *Hospital Staffing*, 270 F.3d at 390. When an action substantially adjudicates private rights and only incidently serves the public interest, courts should regard the suit as outside the police power exception. This is especially the case when a successful suit would result in a pecuniary advantage to certain private parties vis-a-vis other creditors of the estate, contrary to the Bankruptcy Code's priorities. *Id.*

Courts have recognized the important public interest in restraining violations of the FLSA's minimum wage and overtime provisions. *See Hospital Staffing*, 270 F.3d at 392 (citations omitted). In *Eddleman*, the Tenth Circuit held that an enforcement proceeding brought by the United States Department of Labor ("DOL") to liquidate claims for back wages under the minimum wage requirements of the Service Contract Act ("SCA")[1] was excepted from the stay as a proceeding to enforce the police or regulatory power under § 362(b)(4) of the Bankruptcy Code.

*See Eddleman v. United States Dep't of Labor*, 923 F.2d 782, 791 (10th Cir.1991), *overruled in part on other grounds by Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson*, 968 F.2d 1003 (10th Cir.1992).

The court held the DOL's pursuit of back pay claims was not designed to advance the government's pecuniary interest, and that it was primarily to prevent unfair labor competition in the market by companies who pay substandard wages. *Eddleman*, 923 F.2d at 791. The court also found that it passed the "public policy test." Despite the fact the DOL sought liquidation of back pay claims for specific individuals, the court did not characterize the use of that remedy as an assertion of private rights. Instead, the court concluded that it was but another method of enforcing the policies underlying the SCA. This conclusion was "bolstered by the fact that the back pay claimants would not receive any extra priority by virtue of the DOL action." *Id.* The court directed the collection of back pay claims to proceed according to normal bankruptcy procedures.

Most courts faced with the issue have determined that the exception applies. *See Eddleman*, 923 F.2d at 791 n. 12; *see also Martin v. Chambers*, 154 B.R. 664, 667 (E.D.Va.1992) ("[The Secretary's] action against Defendant was brought pursuant to its mandate to regulate and enforce fair labor standards. Therefore, as to [the Secretary's] action to restrain Defendant from further violation of the FLSA, this Court is not required to grant a stay of the proceedings."); *Donovan v. Health Care Resources, Inc.*, 44 B.R. 546, 547 (W.D.Mo. 1984) ("proceedings instituted by the Sec-

---

**1.** The SCA requires that all federal government contractors pay certain minimum wages and fringe benefits. 41 U.S.C. § 351.

retary under § 17 of the FLSA constitute an exercise of police or regulatory powers, and as such, are exempt from the automatic stay provisions of 11 U.S.C. § 362(a)."); *Donovan v. Timbers of Woodstock Restaurant, Inc.,* 19 B.R. 629, 630 (N.D.Ill.1981) ("FLSA enforcement proceedings plainly constitute an exercise of 'police or regulatory power' and are therefore within the exception to the automatic stay provision."); *Marshall v. International Formal Wear, Inc.,* 1980 WL 2096 (S.D.Ga.1980) ("[M]ovant has not shown that the Secretary's action is one which would effect the property of the debtor in bankruptcy so as to require it to be stayed under § 362(a)(1).").

The Bankruptcy Code draws a distinction between entry and enforcement of a money judgment, allowing entry but not enforcement. *See NLRB v. P\*I\*E Nationwide, Inc.,* 923 F.2d 506, 512 (7th Cir. 1991) ("the [NLRB] does not run afoul of section 362(b)(5)[2] by attempting to reduce a claim to judgment: the [NLRB] is merely seeking entry of judgment and is not trying to seize [defendant's] property"); *see also Illinois v. Electrical Utilities,* 41 B.R. 874, 877 (N.D.Ill.1984) (state pollution authorities could seek injunctive relief and could obtain but not enforce a money judgment against a polluter).

### ANALYSIS

Determining whether the action is stayed depends on the nature of the lawsuit and the relief requested. Here, the Secretary seeks to, *first,* enjoin Von Behren and BDK from violating the provisions of §§ 6, 7, 11, 15(a)(2) and (15)(a)(5) of the FLSA; and, *second,* to restrain any withholding of payment or minimum wages and compensation found to be due to Defendants' former employees under the FLSA.

Von Behren asserts this action fails the public policy test because neither he nor BDK currently operates any Sonic Drive–In restaurants, and as such, neither Defendant has any employees. Therefore, he argues, there can be no future violations of the FLSA, the Secretary's action is rendered moot, and injunctive relief restraining future conduct is not proper.

The fact that Defendants are currently inoperative does not render this cause moot. *See In re First Alliance Mortgage Co.,* 264 B.R. 634, 648–49 (C.D.Cal.2001); *Wirtz v. Flame Coal Co.,* 321 F.2d 558, 561 (6th Cir.1963). There is nothing to prevent defendants from resuming their operations or beginning anew. *See id.* At the very least, there is no affirmative indication that they will not.

### A. Pecuniary Purpose Test

If the Secretary successfully makes her case, the Court will conclude back wages are due and permanently enjoin Von Behren and BDK from violating the FLSA in the future. The Secretary would not obtain title to any goods nor be able to enforce a money judgment. As such, the remedies sought by the Secretary are not designed to advance the government's pecuniary interest. *See Hospital Staffing,* 270 F.3d at 389; *Eddleman,* 923 F.2d at 791.

### B. Public Policy Test

Congress enacted the FLSA to eradicate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." To achieve that goal, the DOL must be able to enforce the FLSA's minimum wage and overtime provisions "uniformly without regard to the debtor's position in the bankruptcy court."

---

**2.** The provisions of § 362(b)(5) were repealed    and incorporated into § 362(b)(4) in 1998.

*Brock*, 842 F.2d at 273. Although the Secretary's action advances the private rights of the unpaid employees, that is only one component of the lawsuit. The primary purpose is to protect workers and to prevent unfair competition in the market by companies who pay substandard wages. Additionally, the action would not afford the former employees any extra priority because the collection of claims will be pursued as a claim in the pending bankruptcy action.

Therefore, the Court finds the Secretary's enforcement proceeding is excepted from the stay under both the pecuniary purpose and the public policy tests.

*Ergo*, the Court finds that this enforcement proceeding is exempt from the automatic stay pursuant to 11 U.S.C. § 362(b)(4). This action will not be stayed against Von Behren.