## In re TRAVACOM COMMUNICATIONS, INC., Debtor.

### Travacom Communications, Inc., Plaintiff,

v.

### Commonwealth of Pennsylvania, Dept. of Labor & Industry; Spencer Manthorpe and Cindy E. Sheaffer, Defendants.

Bankruptcy No. 03–26922–MBM.
Adversary No. 03–2356–MBM.

United States Bankruptcy Court,
W.D. Pennsylvania.

Oct. 29, 2003.

John C. Brzustowicz, Day, Brzustowicz & Malkin, P.C., McMurray, PA, for Debtor.

### MEMORANDUM AND ORDER OF COURT

M. BRUCE MCCULLOUGH, Bankruptcy Judge.

**AND NOW,** this **29th day of October, 2003,** upon consideration of (a) the adversary complaint of Travacom Communications, Inc. (hereafter "the Debtor"), wherein the Debtor seeks, *inter alia,* injunctive relief and sanctions for an alleged intentional violation of the automatic stay, (b) the motion for summary judgment by the instant defendants—i.e., the Commonwealth of Pennsylvania, Dept. of Labor & Industry, Spencer Manthorpe, and Cindy Sheaffer (hereafter collectively referred to as "the Commonwealth")—with respect to the entirety of the instant adversary proceeding, and (c) a Rule 12(b)(1) dismissal motion by the Commonwealth, which motion is predicated upon the Commonwealth's asserted sovereign immunity to the imposition of sanctions pursuant to the Eleventh Amendment; and subsequent to notice and a hearing held on October 29,

2003, regarding the Commonwealth's motion for summary judgment, it is now hereby **ORDERED, ADJUDGED, AND DECREED** that (a) the Commonwealth's summary judgment motion is **GRANTED,** and (b) the Commonwealth's Rule 12(b)(1) dismissal motion is **DISMISSED AS MOOT.** The Court's grant of the Commonwealth's summary judgment motion is dictated because (a) the Debtor's request for injunctive relief has already been effectively denied by virtue of (i) the entry of the Court's order dated June 4, 2003, which order denied the Debtor's emergency motion for the entry of a temporary restraining order to enjoin a hearing to be held by the Commonwealth on June 3, 2003 (hereafter "the June 3, 2003 Hearing"), and (ii) the fact that the Commonwealth proceeded to, and has since concluded, the June 3, 2003 Hearing, (b) the Commonwealth **DID NOT VIOLATE the automatic stay** by conducting the June 3, 2003 Hearing, thus negating the possibility for sanctions as sought by the Debtor, and (c) the Debtor's request for alternative equitable relief in the form of an order directing the Commonwealth to reopen the June 3, 2003 Hearing and to permit the Debtor and its nondebtor principal to enter a defense therein must be **DENIED for lack of subject matter jurisdiction** by this Court. The Court will set forth in some detail the rationale for its holding that the Commonwealth did not violate the automatic stay by conducting the June 3, 2003 Hearing.

## I.

■ The parties agree that the Commonwealth convened the June 3, 2003 Hearing to address alleged violations by the Debtor and its nondebtor principal of the Pennsylvania Prevailing Wage Act, 43 P.S. § 165–1 *et seq.* (hereafter "the PPWA"), which hearing followed a prior issuance by the Commonwealth to such entities of an order to show cause regarding such alleged violations. The parties also agree that the Debtor filed a bankruptcy petition commencing the instant case some thirty minutes prior to the precise time when the Commonwealth convened the June 3, 2003 Hearing. The preceding notwithstanding, the Commonwealth maintains that it did not violate the automatic stay in the instant case by conducting the June 3, 2003 Hearing because, argues the Commonwealth, such hearing constitutes a valid exercise of its "police and regulatory power" within the meaning of 11 U.S.C. § 362(b)(4) (hereafter "Police and Regulatory Power")—more accurately, such hearing constitutes the commencement or continuation of an action or proceeding by the Commonwealth to enforce such power—so as to except such hearing from the reach of such automatic stay. The Debtor disagrees that the June 3, 2003 Hearing constitutes a valid exercise of the Commonwealth's Police and Regulatory Power. For the reasons set forth below, the Court holds that the June 3, 2003 Hearing constitutes a valid exercise by the Commonwealth of its Police and Regulatory Power such that the holding of the same did not violate the automatic stay in the instant case.

As an initial matter, the Court does not understand the Debtor to argue, as a basis for the Debtor's position that the June 3, 2003 Hearing does not qualify as a valid exercise of the Commonwealth's Police and Regulatory Power, that a valid exercise of such power does not include hearings that are held for the purpose of enjoining future violations of the PPWA. In any event, to the extent that the Debtor so argues, the Court rejects such argument outright as being inconsistent with what the Court finds to be persuasive case authority to the contrary. *See, e.g., Chao v. BDK Industries, L.L.C.,* 296 B.R. 165, 167–70 (C.D.Ill. 2003) (citing, *inter alia, Eddleman v. U.S.*

*Dep't of Labor,* 923 F.2d 782 (10th Cir. 1991)).

 The Court understands the Debtor to instead primarily contend, as a basis for the Debtor's position that the June 3, 2003 Hearing was an invalid exercise by the Commonwealth of its Police and Regulatory Power, that (a) the Debtor had permanently ceased operations prior to June 3, 2003, thereby eliminating prior to such date the risk of future violations of the PPWA, (b) the Commonwealth thus had no need to seek injunctive relief regarding the PPWA on June 3, 2003, (c) the Commonwealth, at the June 3, 2003 Hearing, actually only sought to obtain monetary damages to redress past alleged violations of the PPWA by the Debtor, and (d) a governmental agency, as a matter of law, validly exercises its Police and Regulatory Power only if it seeks to prevent future harm by a debtor. The preceding position by the Debtor is flawed for several reasons. First, the Commonwealth had justification in, and thus validly exercised its Police and Regulatory Power by, pursuing an injunction against the Debtor regarding the PPWA if for no other reason than to thereby enjoin future violations of such law by the Debtor's nondebtor principal and any potential successor or assign of the Debtor. *See In re First Alliance Mortgage Co.,* 264 B.R. 634, 648 (C.D.Cal. 2001). Second, a bankruptcy court, as a matter of law, is an inappropriate forum to determine whether, as of the date of governmental action, there existed a risk that a debtor would cause future harm that could be the subject of an injunction. *See Id.* That being the case, the Court could not, in any event, predicate a decision that the Commonwealth invalidly exercised its Police and Regulatory Power upon a finding that the Commonwealth lacked evidence of the potential for future violations of the PPWA by the Debtor. *See Id.* Third, and as a matter of law, "the regulatory and police powers exception [contained in § 362(b)(4)] is not limited to situations in which future harm must be stopped. It includes actions to fix the amount of damages for past conduct, whether or not that conduct is continuing." *Id.*[1] Furthermore, because "[t]he Bankruptcy Code draws a distinction between entry and enforcement of a money judgment, *allowing entry but not enforcement,*" *BDK Industries,* 296 B.R. at 169 (emphasis added), a governmental agency does not run afoul of an automatic stay by reducing such damages, once they are liquidated, to judgment, provided, of course, that such agency refrains from then attempting to enforce such judgment, *see Id.* at 168–70; *First Alliance Mortgage,* 264 B.R. at 648–651; *NLRB v. P\*I\*E Nationwide, Inc.,* 923 F.2d 506, 512 & n. 5 (7th Cir.1991); *Penn Terra Limited v. Dep't of Environmental Resources, Commonwealth of Pennsylvania,* 733 F.2d 267, 275 (3rd Cir.1984); *Eddleman,* 923 F.2d at 790 n. 11.[2] Therefore, the Commonwealth validly

---

1. The Debtor cites to the decision in *In re Massenzio,* 121 B.R. 688, 691 (Bankr. N.D.N.Y.1990), as supportive of its cause in the instant adversary proceeding. To the extent that such decision is so supportive, it will not be followed by this Court for the reasons expressed by the court in *First Alliance Mortgage, see First Alliance Mortgage,* 264 B.R. at 650 n. 15.

2. The enforcement of a money judgment such as that which is proscribed by § 362(b)(4) does not include the pursuit, that is the collection, of such judgment as a claim through normal bankruptcy procedures. *See BDK Industries,* 296 B.R. at 168–70; *P\*I\*E Nationwide,* 923 F.2d at 512 n. 5; *Eddleman,* 923 F.2d at 790 n. 11. Therefore, a governmental agency, by obtaining the entry of a money judgment in its favor that will then enjoy status as a claim in a bankruptcy case, does not thereby run afoul of an automatic stay, provided that the nonbankruptcy action or proceeding that results in such governmental

exercised its Police and Regulatory Power by conducting the June 3, 2003 Hearing even if it thereby sought to accomplish nothing more than a liquidation of damages for past alleged violations of the PPWA by the Debtor, provided, of course, that the Commonwealth refrained from attempting to enforce a money judgment regarding such damages. As for whether the Commonwealth obtained, or even sought, the enforcement of a money judgment against the Debtor as an outcome of the June 3, 2003 Hearing, the Commonwealth asserts, the Debtor lacks any evidence to controvert such assertion, and the Court thus necessarily concludes, that the Commonwealth thus far has failed to even obtain the entry of such a money judgment, let alone attempted to enforce the same.

In light of the foregoing, the Commonwealth validly exercised its Police and Regulatory Power, and thus refrained from violating the automatic stay in the instant case, when it conducted the June 3, 2003 Hearing.

## II.

**IN SUMMARY,** (a) the Commonwealth's summary judgment motion (Docket No. 17) is **GRANTED,** and (b) the Commonwealth's Rule 12(b)(1) dismissal motion (Docket No. 9) is **DISMISSED AS MOOT.**

agency's monetary judgment claim does not also accord to such claim "a pecuniary advantage ... vis-a-vis other creditors of the

[bankruptcy] estate, contrary to the Bankruptcy Code's priorities." *BDK Industries,* 296 B.R. at 167–70.